Thompson v. Garland

BIA
Sponzo, IJ
A035 786 569

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of January, two thousand twenty-three.

PRESENT:
        GUIDO CALABRESI,
        ROBERT D. SACK,
        RICHARD J. SULLIVAN,
                *Circuit Judges.*
_____

DION CONROY THOMPSON,
        *Petitioner,*

        v.                                          20-3895
                                                    NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Craig Relles, Esq., Law Office of
                       Craig Relles, White Plains, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant
                       Attorney General; Sabatino F. Leo,

Assistant Director; Corey L. Farrell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Dion Conroy Thompson, a native and citizen of Jamaica, seeks review of a November 3, 2020 decision of the BIA reversing a November 27, 2019 decision of an Immigration Judge ("IJ") granting his application for protection under the Convention Against Torture ("CAT"). *In re Dion Conroy Thompson*, No. A035 786 569 (B.I.A. Nov. 3, 2020), *aff'g* No. A035 786 569 (Immigr. Ct. N.Y.C. Nov. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We "have an independent obligation to ensure that [we] do not exceed the scope of [our] jurisdiction, and therefore [we] must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 187 (2d Cir. 2022). Our jurisdiction is limited to petitions for review filed within

2

30 days of "final order[s] of removal." 8 U.S.C. § 1252(a)(1), (b)(1). We lack jurisdiction over Thompson's petition because the 2020 BIA decision — the only decision as to which the petition would be timely — is a decision in withholding-only proceedings that does not constitute a final order of removal. *See Bhaktibhai-Patel*, 32 F.4th at 190-91. The BIA's decision denying CAT protection following the reinstatement of Thompson's prior removal order is not itself an order of removal because it does not "determine whether [Thompson] is deportable," "order deportation," or "affect the validity of any determination regarding [Thompson's] deportability or deportation." *Id.* at 190 (internal quotation marks omitted); *see also Parchment v. Garland*, No. 19-3238, 2022 WL 1320315, at *1 (2d Cir. May 3, 2022).

Thompson's October 2020 petition is untimely as to his removal order because it was not filed within 30 days of his 1995 deportation order or the Department of Homeland Security's 2018 reinstatement of that order. *Bhaktibhai-Patel*, 32 F.4th at 190-95; *see also* 8 U.S.C. § 1252(b)(1) (30-day deadline for petition for review); *Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011) ("Th[e] 30-day filing

3

requirement is jurisdictional and is not subject to equitable tolling." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DISMISSED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4